**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03628-NYW

RAFAEL LEON HERNANDEZ,

Petitioner,

v.

DAVID VENTURELLA, and
JUAN BALTAZAR,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 4]. Respondents have filed a non-response to the Petition. [Doc. 11]. The Court addresses the Petition without waiting for a reply. See D.C.COLO.LCivR 7.1(d). For the reasons set forth below, the Petition is respectfully **GRANTED in part** and **DENIED in part**.

**BACKGROUND**

Petitioner Rafael Leon Hernandez ("Petitioner" or "Mr. Hernandez"), a citizen of Venezuela, entered the United States in July 2023 and has lived in the country ever since. [Doc. 4 at 7]. On or about March 10, 2026, Mr. Hernandez was detained by ICE, and he remains in custody at the ICE Aurora Contract Detention Facility. [*Id.* at 2, 7]. Mr. Hernandez states that he filed an application for asylum that was denied. [*Id.* at 7]. He also alleges that he is in removal proceedings but does not indicate that he has a final order of removal. *See* [*id.*].

Mr. Hernandez asserts one claim that is liberally construed[1] as a challenge to his "continued detention without a bond hearing" as a violation of the "Immigration and Nationality Act and the Fifth Amendment of the Constitution." [*Id.* at 2]; *see also* [*id.* at 8]. He seeks "immediate release from detainment" and "detainment protection from Immigration authorities until my case has concluded[.]" [*Id*. at 4].

In the Response, Respondents confirm that Petitioner "is in removal proceedings and detained by U.S. Immigration and Customs Enforcement" and state that "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition[.]" [Doc. 11 at 1]. "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief" and "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [*Id.* at 1-2 (quoting *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) (remanding and directing that "the district court shall order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him."))].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was

[1] The Court must construe Petitioner's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court cannot act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

"fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

### I. Lawfulness of Petitioner's Detention

Petitioner's claim depends on his assertion that he is detained under 8 U.S.C. § 1226(a) and therefore entitled to its procedural protections. Respondents do not dispute this point and concede that they "are not submitting a brief in opposition to the Petition." [Doc. 11 at 1–2]. Indeed, the Tenth Circuit recently held that noncitizens who, like Petitioner, "entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). The Court therefore agrees with Petitioner that his detention is governed by § 1226(a).

Respondents likewise do not dispute Petitioner's allegations that he has not received a bond hearing. *See* [Doc. 11]. As this Court has held, and as *Santillan Quiroz* confirms, detention without a bond hearing or individualized custody determination

violates § 1226(a). *See, e.g.*, *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *3 (D. Colo. Feb. 24, 2026); *see also Santillan Quiroz*, 2026 WL 1876709 at *17 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

In addition to violating § 1226(a), Petitioner's detention without an individualized custody determination violates his due process rights. At a minimum, the process due to a noncitizen detained under § 1226(a) "is that which is afforded under [§ 1226(a)]." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025), *aff'd*, 175 F.4th 713 (6th Cir. 2026). That process is an individualized bond determination. *See Santillan Quiroz*, 180 F.4th at 1251 n.13; *see also, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination."). The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights. *See, e.g.*, *Garcia Cortes*, 2025 WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784-85; *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1158 (D. Colo. 2026).

## II. Appropriate Remedy

As a remedy, Petitioner asks the Court to order his immediate release. [Doc. 4 at 4]. Respondents propose that, if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order,

provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [Doc. 11 at 1–2 (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13)].

The Court finds it appropriate to order a bond hearing, rather than immediate release. Section 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025); *see also Santillan Quiroz*, 180 F.4th at 1251 n.13 (instructing the district court on remand only to order the Government to provide the petitioner with a bond hearing or else release him). This Court has previously held that a bond hearing before an immigration judge vindicates the procedural protections afforded by § 1226(a). *See, e.g.*, *Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026). The Petition is respectfully **DENIED** with respect to Petitioner's request for immediate release.

The Court will also order additional procedural protections at Petitioner's bond hearing. This Court recently held, after applying the factors set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that procedural due process "requires placing the burden on the Government at Petitioner's § 1226(a) hearing." *Contreras Posada v. Mullin*, No. 26-cv-03765-NYW, 2026 WL 2654041, at *2–3 (D. Colo. Sept. 9, 2026). The Court further concluded that the appropriate burden is a clear-and-convincing standard. *Id.*; *see also Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (this Court agreeing with cases finding the clear and convincing evidence standard appropriate in bond hearing under § 1226(a)); *cf. Santillan Quiroz*, 180 F.4th at 1249 ("Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. . . . If the detention is civil and nonpunitive, like the

immigration detention here, that reason must rise to the level of a strong special justification." (quotation omitted)).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **October 2, 2026**. At the bond hearing, the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.** On or before **October 9, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 4] is **GRANTED in part** and **DENIED in part** as set forth herein;

(2) Respondents shall provide Petitioner a bond hearing no later than **October 2, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

(3) On or before **October 9, 2026**, the Parties shall file a joint status report

concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: September 25, 2026

BY THE COURT:



Nina Y. Wang
United States District Judge